# United States District Court
# Northern District of Indiana

MAURICE KNIGHT, SR., )
 )
        Plaintiff, )
 ) Civil Action No. 1:15-CV-302 JVB
  v. )
 )
DEANNA FOREMAN, et al. )
 )
        Defendants. )

## OPINION AND ORDER

Maurice Knight, Sr., a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 for money damages against Deanna Foreman, a witness who initially accused Knight of theft, but later recanted her accusation, and Bill Heck, the Grant County Prosecutor, who charged Knight with a crime even though Foreman recanted her accusation. (DE 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, the claim for money damages against Bill Heck, the Grant County Prosecutor must be dismissed because he has immunity. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or

evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). Charging Knight with a crime, even if based on Foreman's recanted testimony, is a part of initiating a prosecution. Therefore, the prosecutor is immune from suit.

Knight's claim against Deanna Foreman fares no better. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A private individual such as Foreman is not a state actor that can be sued for constitutional violations. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The fact that Foreman reported a crime to the police does not change that fact, even if that report was false. *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978). Accordingly, Foreman must be dismissed from this case.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the immunity of Prosecutor Bill Heck or the fact that Deanna Foreman is not a state actor.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on December 16, 2015.

   s/   Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division